UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal Action No. 23-24 (JEB) |
| JERMAINE FAIRNOT, | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

A grand jury has indicted Jermaine Fairnot on assorted drug and gun charges arising from two searches of his car three weeks apart. Defendant now moves to sever the Indictment's seven counts, seeking separate trials for the two incidents. Because evidence from each event could be introduced in a trial of the other, the Court will deny the Motion.

**I.      Background**

On the night of October 14, 2022, Metropolitan Police Department officers were patrolling King Greenleaf Recreation Center in Southwest Washington when they encountered a group of men standing around a Toyota Camry registered to Fairnot. See ECF No. 92 (Opp. to Mot.) at 2–3. After the men dispersed, officers got out of their vehicle and shone their flashlights in the car, illuminating the barrel of a handgun under the driver's seat. Id. at 3; ECF No. 88 (Mot. to Sever) at ECF p. 2. A more robust search of the car thereafter uncovered a loaded Smith and Wesson semiautomatic pistol, roughly four ounces of PCP, 56 empty vials, and documents — including mail, receipts, and a DMV registration card — belonging to Fairnot. See Opp. to Mot. at 4–6.

1

A few weeks later, on November 9, 2022, law enforcement executed the resulting warrant for Fairnot's arrest while he was meeting with his probation officer. Id. at 9. Officers seized Fairnot's car keys and called in a canine unit to conduct a sweep of his Camry in the courthouse parking lot. Id. Upon positive indication of drugs by one of the dogs, officers unlocked the car and uncovered 64.7 grams of cocaine, 32.6 grams of rock-based PCP, three vials filled with PCP, empty glass vials, a scale, and a loaded Glock semiautomatic pistol. Id. at 9–11. Fairnot was subsequently indicted on two counts of possessing a firearm as a felon, one count of possession with intent to distribute (PWID) PCP, one count of PWID PCP within 1000 feet of a playground, one count of PWID cocaine, and two counts of possession of a firearm during a drug-trafficking offense. See ECF No. 13 (Indictment) at 1–4.

## II.    Analysis

Fairnot moves to sever the two incidents into separate trials, offering two independent arguments. First, he maintains that the Indictment's seven counts were improperly joined under Federal Rule of Criminal Procedure 8(a); even if joinder was permissible, he also contends that the counts should be severed under Rule 14(a) to avoid prejudice at trial. See Mot. to Sever at ECF pp. 4–5. The Court addresses these Rules one at a time.

### A.    Rule 8 Joinder

In challenging joinder, Fairnot's Motion primarily sounds in prejudice — which is a Rule 14 issue — and largely passes over the issue of whether joinder was proper. Id. His arguments, however, at least suggest that he believes that the counts against him should never have been joined, thus triggering a Rule 8 analysis. Id. at 5.

Counts are properly joined when the offenses charged "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of

2

a common scheme or plan." Fed. R. Crim. P. 8(a). This Rule "has generally been construed liberally in favor of joinder." United States v. Richardson, 161 F.3d 728, 733 (D.C. Cir. 1998). Joinder is proper when small differences exist between "mirror-image [offenses] . . . occurring within the same month," United States v. Delgado, 2023 WL 8354928, at *4 (D.D.C. Dec. 1, 2023), and only modest similarities between the incidents are necessary to prove that they were of a "common scheme of drug distribution." United States v. Mack, 53 F. Supp. 3d 179, 190 (D.D.C. 2014) (finding two counts of unlawful distribution of same drug permissibly joined when transactions "involved the same undercover officer and were of similar character"); see, e.g., United States v. Coleman, 22 F.3d 126, 134 (7th Cir. 1994) (joinder proper for multiple firearm-possession counts that "could only vary in time and location but not in their essential elements").

The events at issue took place mere weeks apart, and, at this early stage, the essential elements of both incidents — the types of drugs, their volume, and the weapons discovered — are sufficiently similar to warrant joinder. See Opp. to Mot. at 4–6, 9–11, 13. Where "counts refer to the same type of offenses occurring over a relatively short period of time, and the evidence as to each count overlaps," joinder is proper. United States v. Shearer, 606 F.2d 819, 820 (8th Cir. 1979). And joinder is even permitted if the offenses are "not connected temporally or evidentially" but are still "of like class." Coleman, 22 F.3d at 133. Furthermore, "weapons are 'tools of the trade' of drug dealers." United States v. Cooper, 19 F.3d 1154, 1163 (7th Cir. 1994) (internal citation omitted). Finding these "tools" in the same location — Fairnot's Camry — "clearly constitute[s] 'a series of acts'" under Rule 8(a), United States v. Pigee, 197 F.3d 879, 891 (7th Cir. 1999), even if these separate findings were made weeks apart. See United States v. Monteiro, 871 F.3d 99, 107 (1st Cir. 2017) (finding joinder appropriate for drug-trafficking

3

incidents occurring two years apart since it allowed jury to see complete set of facts); Coleman, 22 F.3d at 133–34 (finding joinder proper for four identical offenses of being felon in possession of firearm, though offenses varied in time and location).

In his Motion, Fairnot offers no rebuttal to the comparable facts and analogous cases laid out by the Government. See Mot. to Sever at ECF pp. 4–6; Opp. to Mot. at 12–13. The charged offenses thus satisfy 8(a)'s modest standard for similarity and weigh in favor of joinder. See Mack, 53 F. Supp. 3d at 190.

      B.      Rule 14 Severance

Having found the counts were properly joined under Rule 8, the Court turns to Rule 14. A defendant may seek severance of correctly joined counts under this Rule where joinder "appears to prejudice a defendant." Fed. R. Crim. P. 14(a). Upon a showing of prejudice, "the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Id. It is the defendant's burden to show the existence of prejudice. United States v. Brown, 16 F.3d 423, 427 (D.C. Cir. 1994). "Three kinds of prejudice warrant relief under Rule 14: 1) the jury may cumulate evidence of the separate crimes; 2) the jury may improperly infer a criminal disposition and treat the inference as evidence of guilt; 3) the defendant may become 'embarrassed or confounded' in presenting different defenses to the different charges." United States v. Gooch, 665 F.3d 1318, 1336 (D.C. Cir. 2012) (quoting Blunt v. United States, 404 F.2d 1283, 1288 (D.C. Cir. 1968)).

Fairnot argues that the first two kinds are present in this case. He cites McElroy v. United States, 164 U.S. 76 (1896) — a century-old case — which held that "joinder of distinct felonies, not provable by the same evidence, and in no sense resulting from the same series of acts" unfairly multiplies the charges and thus distracts the jury. Id. at 80. He contends that the

jury will impermissibly attribute evidence from one search to charges arising from another search.  See Mot. to Sever at ECF p. 5.  But trying offenses together does not prejudice a defendant if "evidence of each of the joined offenses would be admissible in a separate trial for the other."  Blunt, 404 F.2d at 1288 (quotation marks omitted).

Here, it would be admissible.  First, contrary to the "distinct felonies" referred to in McElroy, the evidence from the October search would be relevant in a trial of the charges stemming from the November search, and vice versa.  See 164 U.S. at 80.  In both incidents, a search of Fairnot's car uncovered possession of nearly identical equipment: drugs, paraphernalia indicating distribution, and a handgun.  See Opp. to Mot. at 2–6, 9–11.  These items would be relevant evidence in each separate trial under Fed. R. Evid. 401 and 402 because they "tend[] to make more probable the existence of the fact that [Defendant] was an armed drug dealer" who either dealt out of his car or used it to move the drugs.  Brown, 16 F.3d at 431; compare U.S. v. Montes-Cardenas, 746 F.2d 771, 780 (11th Cir. 1984) (finding incidents probative to drug-trafficking charge when connected through time and evidence), with Hubbard, 61 F.3d 1261, 1271 (7th Cir. 1995) (concluding that firearms and narcotics charges were misjoined for offenses that were separated by nearly year and a half).

Relevant evidence must also conform to the strictures of other Federal Rules of Evidence before it is admissible in trial.  That is not a problem here.  Start with Rule 404, which "generally prohibits evidence of other crimes or bad acts to prove the defendant's character and conduct in accordance with his character."  United States v. McLaurin, 764 F.3d 372, 380 (4th Cir. 2014). Under this Rule, evidence that could "persuade the jury that because [defendant] had distributed [drugs]" one month "he had the character of a drug dealer" would be inadmissible.  United States v. Rogers, 918 F.2d 207, 210 (D.C. Cir. 1990) (emphasis added).  But the Rule permits use of the

5

same evidence for other purposes, such as proving identity through a distinct *modus operandi* indicated by similar crimes, methods, and evidence, United States v. Burwell 642 F.3d 1062, 1067 (D.C. Cir. 2011), or demonstrating "knowledge, intent, and the absence of mistake" with comparable evidence collected at the same location on separate incidents. Rogers, 918 F.2d at 210. "[E]vidence concerning the defendant's prior arrest for distributing [drugs]" in a similar fashion to the events at issue would thus be admissible in each trial because it gives the jury a full picture of the criminal course of conduct. Id.; see 1A Wright & Miller's Federal Practice & Procedure § 144 (5th ed. 2020).

  Here, a reasonable juror could conclude that carrying a gun with paraphernalia in his car on two separate occasions three weeks apart suggests that Fairnot was dealing drugs out of his car. Brown, 16 F.3d at 431; Opp. to Mot. at 4–6, 9–10. When taken as a whole, the evidence sheds light on a pattern of behavior — as opposed to a one-off mistake that was misconstrued — and could be used to answer questions that arise from either incident. Id. at 432 (finding that firearm possession has probative value to drug-trafficking charges because it made less probable that guns found with drugs in another search were there by mistake). As the Government correctly contends, evidence from each event would therefore be admissible at a trial regarding the other. See Opp. to Mot. at 13; compare Rogers, 918 F.2d at 209–10 (finding evidence of past arrests relevant for purposes of demonstrating drug dealer's knowledge and intent), with United States v. Lewis, 2024 WL 4932043, at *3 (D.D.C. Dec. 2, 2024) (finding introduction of weapons charges prejudicial when used to portray defendant as "type" of person to threaten officer).

  Finally, the Court must assure itself that relevant, otherwise admissible evidence would not inflict unfair prejudice that substantially outweighs its probative value. See Fed. R. Evid.

403(b).  While evidence from each search may cast Fairnot in a bad light, it is highly probative for all the reasons discussed above.  See Brown, 16 F.3d at 431.  The Court therefore finds that Rule 403 would not bar using evidence from each search in a trial of the other.

Ultimately, "it is incumbent upon the judge to weigh the considerations of economy and expedition in judicial administration" against any prejudice.  Bradley v. United States, 433 F.2d 1113, 1122 (D.C. Cir. 1969) (cleaned up); see, e.g., United States v. Celis, 608 F.3d 818, 844 (D.C. Cir. 2010) (explaining that "district courts should grant severance sparingly . . . 'to conserve the time of courts, prosecutors, witnesses, and jurors'") (quoting United States v. Mardian, 546 F.2d 973, 979 (D.C. Cir. 1976)).  At this stage, Fairnot has not overcome his burden to prove prejudice by a joinder of the offenses.  Rule 14 thus weighs against severance.

### III.    Conclusion

As severance is not warranted and joinder was proper, the Court ORDERS that the Motion is DENIED.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date:  October 21, 2025