UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JERMAINE FAIRNOT,<br><br>Defendant. | Criminal Action No. 23-24 (JEB) |

**MEMORANDUM OPINION AND ORDER**

Jermaine Fairnot was indicted in 2023 on seven counts of drug and gun charges arising from two searches of his car several weeks apart. See ECF Nos. 13 (Indictment); 102 (Mem. Op. and Order) at 1–2. After his previous attorney withdrew from the case, Fairnot filed this *pro se* Motion, asking the Court to dismiss his Indictment, which he believes is defective and impermissibly duplicative. See ECF No. 100 (MTD) at ECF pp. 1–2. Finding that his arguments lack merit, the Court will deny the Motion.

**I.      Legal Standard**

A defendant may move prior to trial to dismiss an indictment (or specific counts) on the basis that there is a "defect in the indictment," including a "failure to state an offense." Fed. R. Crim P. 12(b)(3)(B)(v). "The operative question is whether the allegations, if proven, would be sufficient to permit" the factfinder to conclude that the defendant committed the criminal offense as charged. See United States v. Sanford, Ltd., 859 F. Supp. 2d 102, 107 (D.D.C. 2012); United States v. Bowdoin, 770 F. Supp. 2d 142, 146 (D.D.C. 2011). "[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge

1

against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." Hamling v. United States, 418 U.S. 87, 117 (1974).

In reviewing the indictment, a court affords deference to the "fundamental role of the grand jury." United States v. Ballestas, 795 F.3d 138, 148 (D.C. Cir. 2015) (quoting Whitehouse v. U.S. Dist. Court, 53 F.3d 1349, 1360 (1st Cir. 1995)). As a result, "[a]dherence to the language of the indictment is essential because the Fifth Amendment requires that criminal prosecutions be limited to the unique allegations of the indictments returned by the grand jury." United States v. Hitt, 249 F.3d 1010, 1016 (D.C. Cir. 2001). A court accordingly cabins its analysis to "the face of the indictment and, more specifically, the language used to charge the crimes." United States v. Sunia, 643 F. Supp. 2d 51, 60 (D.D.C. 2009) (emphases and internal quotation marks omitted).

## II.  Analysis

Fairnot's Motion is hard to follow at times; liberally construed, it appears to raise three arguments: first, two counts of the Indictment improperly combine different offenses, see MTD at ECF pp. 2–3; second, the Government's chemical-analysis report did not specify the purity or amount of the cocaine base, which makes the possession-with-intent-to-distribute (PWID) charge defective, id. at ECF p. 3; and third, the Indictment violates his Fifth and Sixth Amendment rights. Id.

Consider first Defendant's contention that Counts IV and VI of his Indictment — both of which charge him with using, carrying, and possessing a firearm during a drug-trafficking offense in violation of 18 U.S.C. § 924(c) — impermissibly conflate separate offenses. Id. at ECF pp. 2–3. While he did not meaningfully flesh out this position, Fairnot cites two out-of-circuit cases concerning § 924(c), from which the contours of his argument can be inferred. Id.

In the first, United States v. Combs, 369 F.3d 925 (6th Cir. 2004), the Sixth Circuit recognized that § 924(c) criminalized two separate offenses: (1) "using or carrying a firearm during and in relation to" drug trafficking, and (2) "possessing a firearm in furtherance of" a drug-trafficking crime. Id. at 932–33. It then held that an indictment charging "possession of a firearm during and in relation to a drug trafficking crime" did not charge the defendant with any federal crime because it "utiliz[ed] one element from each of the two distinct § 924(c) offenses." Id. at 934. The second case Fairnot cites, United States v. Collins, 2016 U.S. Dist. LEXIS 125040 (E.D. Mich. Mar. 10, 2016), applied Combs and held that the defendant's conviction must be vacated because the indictment wrongly charged him with "us[ing] and carry[ing] firearms … in furtherance of a drug trafficking crime." Id. at *8.

These cases are not applicable here, however, as the Indictment properly charges Fairnot in the conjunctive and alleges in both Counts IV and VI that he "did unlawfully and knowingly use, and carry during and in relation to, and possess in furtherance of, a drug trafficking offense" a firearm. See Indictment at 3–4. That formulation closely tracks the statutory language of § 924(c) and does not "mismatch[] elements of the statutory prongs" like the indictments in Combs and Collins. Combs, 369 F.3d at 934. Under our Circuit's longstanding precedents, moreover, when "a criminal statute [like § 924(c)] disjunctively lists multiple acts which constitute violations," "the prosecution may in a single count of an indictment . . . charge several or all of such acts in the conjunctive." United States v. King, 4 F. Supp. 3d 114, 124 (D.D.C. 2013) (citing United States v. Brown, 504 F.3d 99, 104 (D.C. Cir. 2007), and quoting District of Columbia v. Hunt, 163 F.2d 833, 837–38 (D.C. Cir. 1947)) (cleaned up). Defendant's first argument thus does not support the dismissal of his Indictment.

3

Fairnot next contends that Count V, which charges him with PWID cocaine under 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), is defective because the statute refers to a "detectable amount" of cocaine base, while the Government's chemical-analysis report does not list the purity or precise amount of seized cocaine base. See MTD at ECF p. 3. This assertion is not persuasive. For one, the report did list the amount of cocaine base seized. See ECF No. 100-1 (Chem. Analysis Rep.) (listing net weight of cocaine base as 4.85g ± 0.01g). Neither § 841(a)(1) nor § 841(b)(1)(C), moreover, refers to "detectable amount" as an element of the offense. More importantly, the report is not part of the Indictment and thus has no bearing on its sufficiency. To be sufficient, an indictment need only "clearly inform[] the defendant of the precise offense of which he is accused so that he may prepare his defense." United States v. Conlon, 628 F.2d 150, 155 (D.C. Cir. 1980). Here, Count V tracks the statutory language, alleging that Fairnot "knowingly and intentionally possess[ed] with intent to distribute a detectable amount of cocaine base" in violation of §§ 841(a)(1) and (b)(1)(C). See Indictment at 3. That allegation sets forth each essential element of the offense and identifies the controlled substance and the statutory provisions at issue. That is all that is required under Federal Rule of Criminal Procedure 7(c)(1), which states that an indictment must contain a "plain, concise, and definite written statement of the essential facts constituting the offense charged."

Last, Defendant also makes a passing reference to alleged violations of his Fifth and Sixth Amendment rights, but he provides no supporting factual or legal argument. See MTD at ECF p. 3. To the extent that he maintains that the Indictment fails to provide adequate notice or that it violates due process, the Court finds no basis for such a claim. As discussed above, the Indictment tracks the statutory language, specifies the relevant offenses, and provides sufficient

4

detail to allow Fairnot to prepare a defense. It thus comports with constitutional requirements. See Hamling, 418 U.S. at 117.

    For the reasons stated above, the Court ORDERS that Defendant's [100] Motion to Dismiss Indictment is DENIED.

/s/ James E. Boasberg  
JAMES E. BOASBERG  
Chief Judge

Date: October 29, 2025